IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BANK OF AMERICA, N.A.,           )
                                 )
              Plaintiff,         )
                                 )
    v.                           )    No.  05 C 7165
                                 )
MAZON STATE BANK,                )
                                 )
              Defendant.         )

### MEMORANDUM ORDER[1]

On September 17, 2007 this Court issued its memorandum opinion and order ("Opinion") holding that judgment should be entered as a matter of law in favor of Bank of America, N.A. ("Bank of America") and against Mazon State Bank ("Mazon") in their inter-bank dispute as to who should bear the financial burden of a $200,000 bogus check drawn on Bank of America. Thereafter Bank of America moved for entry of an order as to the filing of a fee petition against Mazon to recover its attorney's fees incurred in the litigation, and Mazon has responded to that motion.

To begin with, although Mazon begins by urging this Court not to deviate from what it, like so many others, characterizes as "the traditional American Rule that each litigant should bear

---

[1] Apologies are extended to the parties for the delay in issuance of this memorandum order. Although it was dictated on October 12, it could not be transcribed that day--and this Court was away, sitting with the Ninth Circuit, the week of October 15-19. But because this Court concludes its analysis by denying the requested amount of attorney's fees, no harm has been occasioned by the one-week delay.

its own attorney's fees" absent some special exception,[2] Bank of America has the better of it on that threshold issue.  This is of course a matter of state law (the dispute required a determination of the meaning and application of the Illinois version of the Uniform Commercial Code ("UCC").  And on that score <u>Southern Provisions, Inc. v. Harris Trust & Sav. Bank</u>, 96 Ill.App.3d 745, 748, 422 N.E.2d 33, 35 (1st Dist. 1981) construed the UCC to hold "that the decision to award or deny attorney's fees and litigation costs is within the discretion of the trial judge."

But having won that preliminary skirmish, Bank of America loses the war.  It urges in its Motion ¶3 (citations omitted):

> There is a modest presumption in favor of awarding reasonable attorney's fees to the winning party. Although not irrebuttable, Mazon cannot rebut the presumption under the circumstances of this case, since its position was not substantially justified.

It will be remembered, though, that this Court inherited this case from the calendar of its colleague Honorable James Zagel,

---

[2] As a parenthetical matter, it is somewhat ironic that the term "traditional American Rule" remains firmly embedded in the legal lexicon.  In an Appendix to Justice Brennan's dissent from a six-Justice reversal of our Court of Appeals' reversal of this Court's ruling dealing with that subject (<u>Marek v. Chesny</u>, 473 U.S. 1, 43-51 (1985), Justice Brennan referred to and listed "well over 100 fee-shifting statutes" that Congress had enacted--and of course that does not take into account state law, whether statutory or judge-announced.  This is not to say of course that the exceptions have swallowed up the asserted Rule, but rather to reflect that a "rule" so riddled with exceptions may no longer be entitled to initial capitalization as a "Rule."

who had <u>denied</u> summary judgment in favor of Bank of America before this Court reexamined the matter and came to the opposite conclusion. Whatever this Court's views on the merits may be (and the Opinion explained the reasons for ruling as it did), it has a great deal of difficulty with the concept that a legal position that its esteemed colleague found persuasive should be characterized as "not substantially justified."

Accordingly Bank of America's motion is denied. Each side will bear its own attorney's fees.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 22, 2007